ERIKA BIRCH (Bar No.7831)
LUCY JUAREZ (Bar No. 8853)
**STRINDBERG & SCHOLNICK, LLC**
802 W. BANNOCK STREET, SUITE 308
BOISE, ID 83702
(t) 208.336.1788
(f) 208.344.7980
*erika@idahojobjustice.com*

Adam W. Hansen, (*pro hac* pending; CA State Bar No. 264241)
**NICHOLS KASTER, LLP**
One Embarcadero Center, Suite 720
San Francisco, CA  94111
(t) (415) 277-7235
(f) (415) 277-7238
ahansen@nka.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JUDY BAUER, STACY GRAY, and RICHARD UBERUAGA,** | **COMPLAINT** |
| Plaintiffs, | |
| v. | Civil No. 1:13-cv-190 |
| **PROSPECT MORTGAGE, LLC,** | Judge_____ |
| Defendant. | |

Judy Bauer, Stacy Gray, and Richard Uberuaga ("Plaintiffs"), for their Complaint against Prospect Mortgage, LLC ("Defendant"), state as follows:

### PARTIES AND PROCEDURAL BACKGROUND

1. Plaintiff Judy Bauer ("Plaintiff Bauer") is an adult resident of Meridian, Idaho. Plaintiff Bauer worked as a loan officer for Defendant in an office in the Boise, Idaho area from approximately February 2008 until March 2011.

2. Plaintiff Stacy Gray ("Plaintiff Gray") is an adult resident of Hayden, Idaho. Plaintiff Gray worked as a loan officer for Defendant in an office in the Boise, Idaho area from approximately September 2008 until December 2009.

3. Plaintiff Richard Uberuaga ("Plaintiff Uberuaga") is an adult resident of Hailey, Idaho. Plaintiff Uberuaga worked as a loan officer for Defendant in an office in the Boise, Idaho area from approximately November 2009 until July 2010.

4. Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including Idaho. According to the its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans. Defendant formerly did business under the name Metrocities Mortgage.

5. On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief. (Hereafter referred to as "Sliger" or "the Sliger matter.") On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the Sliger plaintiffs' motion for FLSA conditional certification and authorized the Sliger plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007 and August 24, 2011 who were paid on a commission-only basis. (See Sliger v. Prospect Mortgage, LLC, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

6. Plaintiff Bauer opted-in to the Sliger matter on November 22, 2011. (See Ex. A.)

7. Plaintiff Gray opted-in to the Sliger matter on November 22, 2011. (See Ex. A.)

8. Plaintiff Uberuaga opted-in to the Sliger matter on December 5, 2011. (See Ex. A.)

9. By stipulation of the parties, the Court decertified the Sliger matter on January 23, 2013. (Ex. B.) The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums." (Id.) In addition, the stipulation states that, the claims of all opt-in plaintiffs, including the claims of Plaintiffs, are tolled from the time they opted-in to the Sliger matter until April 23, 2013. (Id.)

10. Plaintiffs bring this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiffs worked for Defendant as loan officers during the relevant statutory periods. During the relevant statutory periods, Plaintiffs regularly worked over forty hours per week without overtime compensation. Plaintiffs seek relief for Defendant's failure to pay overtime compensation under federal law.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201 *et seq*.

12. Venue is proper in the United States District Court, District of Idaho pursuant to 28 U.S.C. § 1391, because Defendant operated facilities in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

13. Defendant employed Plaintiffs as loan officers.

14. Defendant classified Plaintiffs as "exempt" from the overtime pay requirements of the FLSA and state law.

15. Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

16. Defendant paid Plaintiffs on a commission-only basis.

17. Plaintiffs routinely worked in excess of forty hours per week for Defendant.

18. Defendant suffered and permitted Plaintiffs to work more than forty hours per week without overtime compensation.

19. Defendant is in the business of selling mortgages. Plaintiffs' work is and was directly related to mortgage sales.

20. Defendant did not keep accurate records of the Plaintiffs' hours worked. Defendant never instructed Plaintiffs to keep records of their hours worked.

21. Defendant's unlawful conduct has been widespread, repeated and consistent.

22. Defendant is aware of wage and hour laws, as evidenced by the fact that it provides overtime compensation to other employees who are not loan officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

23. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiffs.

### COUNT I
### FAIR LABOR STANDARDS ACT
### (Overtime Violations)

24. Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

25. At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

26. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiffs are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

27. By failing to compensate Plaintiffs with overtime compensation for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. Plaintiffs seek damages in the amount of Plaintiffs' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA;

B. Judgment against Defendant for violations of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. An award in an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates, liquidated damages, and interest thereon, subject to proof in Court;

E. An award of prejudgment interest to the extent liquidated damages are not awarded;

F. An award of attorneys' fees and costs;

G. Leave to amend to bring additional claims, including but not limited to claims for unpaid minimum wages under the FLSA; and

H. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

Dated this 23rd of April, 2013.

**STRINDBERG & SCHOLNICK, LLC**

/s/_____
ERIKA BIRCH (Bar No.7831)
**STRINDBERG & SCHOLNICK, LLC**
802 W. BANNOCK STREET, SUITE 308
BOISE, ID 83702
(t) 208.336.1788
(f) 208.344.7980
erika@idahojobjustice.com

Adam W. Hansen, (*pro hac vice application forthcoming*)
Email: ahansen@nka.com
NICHOLS KASTER, LLP
1 Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415)277-7238