STOEL RIVES LLP
James C. Dale (Bar No. 2902)
jcdale@stoel.com
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702-7705
Tel.: (208) 387-4282; Fax: (208) 389-9040

SEYFARTH SHAW LLP
Andrew M. Paley (*pro hac vice*)
apaley@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Tel.: (310) 277-7200; Fax: (310) 201-5219

Attorneys for Defendant
PROSPECT MORTGAGE, LLC

STRINDBERG & SCHOLNICK, LLC
Erika Birch (Bar No.7831)
erika@idahojobjustice.com
802 W. Bannock St., Suite 308
Boise, ID 83702
Tel.: (208) 336-1788; Fax: (208) 344-7980

NICHOLS KASTER, LLP
Adam W. Hansen (*pro hac vice*)
ahansen@nka.com
1 Embarcadero Center, Suite 720
San Francisco, CA 94111
Tel.: (415) 277-7235; Fax: (415) 277-7238

Attorneys for Plaintiffs
JUDY BAUER, STACY GRAY and RICHARD UBERUAGA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUDY BAUER, STACY GRAY and RICHARD UBERUAGA,<br><br>    Plaintiffs,<br><br>    v.<br><br>PROSPECT MORTGAGE, LLC,<br><br>    Defendant. | Case No. 1:13-CV-00190 EJL<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS, DISMISSAL OF LAWSUIT, AND MEMORANDUM IN SUPPORT** |

**COMES NOW** the above-named Plaintiffs JUDY BAUER, STACY GRAY and RICHARD UBERUAGA (collectively "Plaintiffs"), by and through their attorneys, and Defendant PROSPECT MORTGAGE, LLC, by and through its attorneys, and hereby do move jointly for an order approving the settlement agreements in this action and subsequent dismissal of this lawsuit with prejudice.

This Motion is based on the supporting Memorandum filed contemporaneously herewith and on such other and further evidence as may be presented in this matter.

## MEMORANDUM IN SUPPORT

Plaintiffs JUDY BAUER, STACY GRAY and RICHARD UBERUAGA (collectively "Plaintiffs"), by and through their attorneys, and Defendant PROSPECT MORTGAGE, LLC ("Defendant" or "Prospect"), by and through its attorneys (together with Plaintiffs, the "Parties"), file this joint motion for the Court's approval of their settlement agreements, as is required for wage claims under the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

Plaintiffs' complaint seeks damages for alleged failure to pay minimum wages and overtime in violation of the FLSA.  Defendant denies any wrongdoing or that they owe Plaintiffs any compensation or associated penalties. However, in order to avoid the burdens, costs, and uncertainty of litigation, the Parties have reached a settlement after extensive arm's-length negotiation, which is fair, reasonable and satisfactory to both sides. Namely, Plaintiffs are receiving adequate and reasonable recoveries and they are only settling their individual claims.

Accordingly, the Parties request that the Court approve their settlement, the terms of which are set forth more fully in the confidential settlement agreements, filed concurrently with Defendant's motion to file under seal.

## STATEMENT OF FACTS

Plaintiffs formerly worked as mortgage loan officers for Defendant.  Originally, Plaintiffs were opt-in plaintiffs in an FLSA collective action filed in the Eastern District of California, on October 18, 2010, by plaintiffs Elizabeth Sliger, Carol Dion, and Scott Avila, *Sliger v. Prospect Mortgage, LLC*, No. 2:11-CV-465 ("*Sliger*").[1]  The *Sliger* action was eventually decertified by

---

[1] On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the *Sliger* plaintiffs' motion for FLSA conditional certification and authorized the *Sliger* plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24,

MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS
AND DISMISSAL OF LAWSUIT P. - 1
18316222v.1

stipulation of the parties and Order of the Court on January 23, 2013.  Following decertification of *Sliger*, 243 of the *Sliger* opt-ins (including Plaintiffs) re-filed their claims in 37 district court cases, and 188 of the *Sliger* opt-ins re-filed their individual claims in arbitration.  In each of these post-*Sliger* district court cases and arbitrations, all plaintiffs are represented by counsel from Nichols Kaster and Defendant is represented by counsel from Seyfarth Shaw LLP.  Plaintiffs filed this action on April 23, 2013.

In both the *Sliger* case and the instant action, Plaintiffs have alleged claims arising under the FLSA relating to failure to pay overtime and failure to pay minimum wage, due to alleged misclassification of loan officers as exempt employees.

Conversely, in both the *Sliger* case and in the instant action, Defendant has denied all allegations and contended Plaintiffs were properly classified as exempt under the outside sales, commissioned sales, or other exemptions.  Defendant contends that Plaintiffs were hired as outside salespersons, were expected to perform the duties of outside salespersons, and were evaluated based on their performance as outside salespersons.  Defendant further denies that it misclassified Plaintiffs.  Defendant further contends that it satisfied its record keeping obligations under the law because it was not required to keep records of hours worked, nor did Plaintiffs, who were employed as outside sales loan officers, provide such records.   Defendant further contends that its actions taken and the decisions it made with respect to Plaintiffs' compensation were done in good-faith.

After actively litigating this action both in *Sliger* and in the action filed in this jurisdiction for more than four years, on April 10, 2014, representatives from Nichols Kaster, PLLP and Seyfarth Shaw LLP participated in a private mediation session in Los Angeles, California, with

---

2011, who were paid on a commission-only basis. *See Sliger v. Prospect Mortgage, LLC*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL OF LAWSUIT P. - 2**

18316222v.1

mediator Barbara Reeves Neal, and reached a global settlement of the 35 still-active district court cases—including the instant action—and the 188 individual arbitrations.  Individual settlement agreements were drafted for each of the Plaintiffs, and each of the Plaintiffs has accepted the terms of his or her settlement agreement.

The Parties, through this Motion, now seek to approval of the Parties' settlement agreements and dismissal of all the claims in this action with prejudice.

## LEGAL ANALYSIS

I.  **The Court Is Authorized To Approve the Settlement.**

Employees cannot waive claims for unpaid overtime under the FLSA; therefore, in order to ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *See, e.g., Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007) (citing *Lynn's Food*, 679 F.2d  at 1352-55).

When an employee brings a private action for back wages pursuant to the FLSA, and thereafter presents to the court a proposed settlement, the court is advised to review the settlement for fairness. *Lynn's Food*, 679 F.2d at 1353. If the settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the court should approve it in order to promote the policy of encouraging settlement of litigation.  *Id.* at 1354. The court's role, in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit, must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and

adequate to all concerned." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). This requires a balancing of factors which may include, among others, some or all of the following:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The degree of importance attached to each factor is determined by the nature of the claims, the type of relief sought, and the facts and circumstances of each case. *See Officers for Justice*, 688 F.2d at 625.

## II. The Court Should Approve the Settlement Agreements Because They Are Fair and Reasonable.

Here, Plaintiffs pleaded claims under the FLSA. The Parties have agreed to settle the Plaintiffs' individual claims, as set forth more fully in the settlement agreements filed with Defendant's motion to file under seal, and there are no class claims in this action.

The settlement agreements represent a fair and equitable resolution of this matter. The Parties agree that the terms of the settlement agreements will bestow substantial benefits to Plaintiffs, especially in light of the uncertainty regarding Plaintiffs' recovery. Liability under the FLSA were contested issues, with Defendant strongly disputing Plaintiffs' arguments that they were misclassified as exempt employees under the outside sales or other applicable exemptions.

Further, the settlement is fair and reasonable given the substantial risk of further litigation. "The expense and possible duration of the litigation should be considered in evaluating the reasonableness of [a] settlement." *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Here, the Parties had significant legal and factual disputes, which were hotly

contested. Specifically, the Parties dispute whether Plaintiffs' job duties and actions satisfy the outside sales requirements.

Further, the settlements are fair and reasonable because the amount offered in each settlement is reasonable, as set forth in the confidential settlement agreements filed with Defendant's motion to file under seal.

Finally, the settlement agreements are fair and reasonable given that at all times Plaintiffs have been adequately represented by counsel with significant experience in wage and hour litigation, and there are no class claims in this litigation. The Parties engaged in extensive discovery and continued negotiations over the course of months.

### III.   The Terms of the Settlements

Because of the risks facing all Parties in continuing to litigate this dispute, the Parties have agreed to settle Plaintiffs' individual claims, including those claims under the FLSA, on the following terms, including but not limited to:

1. Defendant's agreement to pay Plaintiffs settlement amounts (as described in the confidential settlement agreements, filed with Defendant's motion to file under seal). The settlement amounts include, without limitation, payment to Plaintiffs for alleged lost wages, including alleged overtime work, performed in any day (if applicable) and/or in any workweek, and related claims. The settlement amounts also include payment of attorneys' fees and costs.

2. Defendant's denial of liability or wrongdoing under the FLSA, any state statute, and all other applicable law.

3. Plaintiffs' and Defendant's agreement to dismiss Plaintiffs' individual claims with prejudice with a release limited to wage and hour matters.

Accordingly, the terms are fair and reasonable.

**CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court find that the settlements represent fair and equitable resolutions of this action and enter the proposed Order Granting Joint Motion to Approve Settlement Agreements and Dismiss Lawsuit, filed concurrently herewith.

DATED: October 17, 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Andrew M. Paley
Andrew M. Paley (admitted *pro hac vice*)
apaley@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Tel.: (310) 277-7200; Fax: (310) 201-5219

Attorneys for Defendant
PROSPECT MORTGAGE, LLC

DATED: October 17, 2014

NICHOLS KASTER, LLP

By: /s/ Matthew C. Helland
Adam W. Hansen (admitted *pro hac vice*)
Email: ahansen@nka.com
1 Embarcadero Center, Suite 720
San Francisco, CA 94111
Tel.: (415) 277-7235; Fax: (415) 277-7238

Attorneys for Plaintiffs

**PROOF OF SERVICE**

I HEREBY CERTIFY that on the 17th day of October, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Adam W Hansen, Attorney for Plaintiff
ahansen@nka.com, assistant@nka.com

Erika Birch, Attorney for Plaintiff
erika@idahojobjustice.com, tonya@idahojobjustice.com

Lucy R Juarez, Attorney for Plaintiff
lucy@idahojobjustice.com, tonya@idahojobjustice.com

Andrew M Paley, Attorney for Defendant
apaley@seyfarth.com, cturner@seyfarth.com, dwasko@seyfarth.com, sgordon@seyfarth.com

James C Dale, Attorney for Defendant
jcdale@stoel.com, boisedocket@stoel.com, njhammond@stoel.com

                         /s/ Andrew M. Paley
                       Andrew M. Paley, Attorney for Movant