STOEL RIVES LLP
James C. Dale, ISB No. 2902
jcdale@stoel.com
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702-7705
Telephone:    (208) 387-4282
Facsimile:    (208) 389-9040

SEYFARTH SHAW LLP
Andrew M. Paley (*pro hac vice*)
apaley@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
PROSPECT MORTGAGE, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUDY BAUER, STACY GRAY and RICHARD UBERUAGA,<br><br>    Plaintiffs,<br><br>v.<br><br>PROSPECT MORTGAGE, LLC,<br><br>    Defendant. | Case No. 1:13-CV-00190 EJL<br><br>**UNOPPOSED MOTION TO SEAL AND MEMORANDUM IN SUPPORT** |

## **MOTION**

**COMES NOW** Defendant PROSPECT MORTGAGE, LLC, by and through its attorneys, will and hereby does move for an order to file the confidential settlement agreements in this action under seal.  Plaintiffs do not oppose Defendant's motion.

This Motion is based on the supporting Memorandum filed contemporaneously herewith and on such other and further evidence as may be presented in this matter.

18120817v.1

**MEMORANDUM IN SUPPORT**

In accordance with Local Rule 5.3, Defendant PROSPECT MORTGAGE, LLC ("Defendant" or "Prospect"), by and through its attorneys, submits this Unopposed Motion to file the Parties' Confidential Settlement Agreements under seal for the Court's approval pursuant to the Fair Labor Standards Act ("FLSA") because the terms of the agreements are highly confidential and their publication would frustrate the intent of the Parties. Plaintiffs do not oppose Defendant's motion.

Accordingly, Defendant respectfully requests that the Court grant the Motion and permit filing of the settlement agreements under seal.[1]

**STATEMENT OF FACTS**

Plaintiffs formerly worked as mortgage loan officers for Prospect. Originally, Plaintiffs were opt-in plaintiffs in an FLSA collective action filed in the Eastern District of California, *Sliger v. Prospect Mortgage, LLC*, No. 2:11-CV-465 ("*Sliger*"), that was decertified by stipulation of the parties. Following decertification of *Sliger*, 243 of the *Sliger* opt-ins (including Plaintiffs) re-filed their claims in 37 district court cases, and 188 of the *Sliger* opt-ins re-filed their individual claims in arbitration. In each of these post-*Sliger* district court cases and arbitrations, all plaintiffs are represented by counsel from Nichols Kaster and Defendant is represented by counsel from Seyfarth Shaw LLP. Plaintiffs filed this action on April 23, 2013.

---

[1] Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), settlement of wage claims arising under the FLSA require approval of the Court. Accordingly, the Parties have requested in their concurrently filed Joint Motion For Approval of Settlement Agreement and Dismissal of Lawsuit that the Court approve their settlement agreements (the terms of which are set forth more fully in the confidential settlement agreements), which Defendant seeks to file under seal.

In both the *Sliger* case and the instant action, Plaintiffs have alleged claims arising under the FLSA relating to failure to pay overtime and failure to pay minimum wage, due to alleged misclassification of loan officers as exempt employees.

Conversely, in both the *Sliger* case and in the instant action, Defendant has denied all allegations and contended Plaintiffs were properly classified as exempt from overtime under the outside sales, commissioned sales, or other exemptions.  Defendant contends that Plaintiffs were hired as outside salespersons, were expected to perform the duties of outside salespersons, and were evaluated based on their performance as outside salespersons.  Defendant further denies that it misclassified Plaintiffs.  Defendant further contends that it satisfied its record keeping obligations under the law because it was not required to keep records of hours worked, nor did Plaintiffs, who were employed as outside sales loan officers, provide such records.   Defendant further contends that its actions taken and the decisions it made with respect to Plaintiffs' compensation were done in good-faith.

On April 10, 2014, representatives from Nichols Kaster and Seyfarth Shaw LLP participated in a private mediation session in Los Angeles, California, with mediator Barbara Reeves Neal, and reached a global settlement of the 35 still-active district court cases—including the instant action—and the 188 individual arbitrations.  Individual settlement agreements were drafted for each of the Plaintiffs, and each of the Plaintiffs in this case has accepted the terms of his or her settlement agreement.

Defendant, through this Motion, now seeks to file the individual Plaintiffs' confidential settlement agreements negotiated in mediation under seal.  Plaintiffs do not oppose Defendant's motion.

18120817v.1

## LEGAL ANALYSIS

I.    **The Court Has the Authority to Order the Agreements Sealed**

Pursuant to Federal Rule of Civil Procedure 5.2(d), the Court may order that a filing be made under seal. *See also Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files").

II.    **The Court Should Order the Settlement Agreements Sealed**

In order to make a determination that the settlements are fair and reasonable, this Court must review the Parties' agreements. However, as is typical in this type of action, the Parties' settlement agreements are confidential, and the Parties placed a premium on confidentiality when reaching settlement. Both Parties agree that it is critical that the confidential nature of the settlement agreements be preserved. The necessity of Court approval to release Plaintiffs' FLSA claims will defeat confidentiality, unless the Court orders the settlement agreement to be sealed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court order the Confidential Settlement Agreements to be filed under seal in order for the Court to approve the settlements between the Parties.

4

DATED: October 17, 2014         Respectfully submitted,

                                STOEL RIVES LLP


                                By:  /s/ James C. Dale

                                     James C. Dale


DATED: October 17, 2014         Respectfully submitted,

                                SEYFARTH SHAW LLP


                                By:  /s/ Andrew M. Paley

                                     Andrew M. Paley
                                Attorneys for Defendant
                                PROSPECT MORTGAGE, LLC

18120817v.1

## PROOF OF SERVICE

I HEREBY CERTIFY that on the 17th day of October, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Adam W Hansen, Attorney for Plaintiff
ahansen@nka.com, assistant@nka.com

Erika Birch, Attorney for Plaintiff
erika@idahojobjustice.com, tonya@idahojobjustice.com

Lucy R Juarez, Attorney for Plaintiff
lucy@idahojobjustice.com, tonya@idahojobjustice.com

Andrew M Paley, Attorney for Defendant
apaley@seyfarth.com, cturner@seyfarth.com, dwasko@seyfarth.com, sgordon@seyfarth.com

James C Dale, Attorney for Defendant
jcdale@stoel.com, boisedocket@stoel.com, njhammond@stoel.com

                                          /s/ Andrew M. Paley
                                      Andrew M. Paley, Attorney for Movant